## SUPREME COURT.

CHARLES H. SIMPKINS, receiver, &c., agt. THE SMITH AND PARMELEE GOLD COMPANY and others.

*Action by the receiver of a mining corporation — property out of the state — jurisdiction.*

Where the property of a mining corporation organized in this state, whose entire property consists of real estate situated in another state or territory, the title to such property does not vest in a receiver of the corporation appointed here; he has no jurisdiction over it.

The creditors of such corporation might resort for relief to the courts where the property is situated, or the corporation itself could proceed to use or dispose of the property entirely unaffected by the appointment of a receiver here.

A proceeding *in invitum* can have no force outside the jurisdiction where the proceeding is initiated.

*Kings County, Special Term, November* 1875.

THE plaintiff in this action is the receiver of the New York Gold Mining Company, a corporation organized under the general laws of this state in 1864, with a capital of $1,000,000.

The plaintiff was appointed receiver by an order of the supreme court, on petition of a judgment creditor of the corporation under the Revised Statutes.

All the property of the debtor corporation consisted of real estate situated in the territory of Colorado.

Subsequent to appointment of the receiver in this state, several judgments for large amounts were recovered against the debtor corporation in Colorado, and on those judgments

executions were issued, and thereupon all the property of the debtor corporation was sold at sheriff's sale in Colorado.

The receiver gave public notice of his appointment at said sheriff's sale.

This action is brought to have it judicially determined that, as against the plaintiff, no title to said property, in Colorado, of the debtor corporation was acquired through said sheriff's sale on execution, and to have the defendant, in whose possession the property now is, account to the plaintiff for the same.

The complaint set forth substantially the matters as above stated, and the defendants separately demurred to the complaint on the grounds :

1st. That the court had no jurisdiction of the subject of the action.

2d. That the plaintiff had not legal capacity to sue, and for defect of parties, improper joinder, and generally as not stating facts sufficient to constitute a cause of action.

The demurrers were argued before Mr. justice PRATT, at special term, in Brooklyn, in September last, by *John S. Lawrence*, counsel for the defendants, and *A. H. Dana*, counsel for the plaintiff. Judge PRATT has recently rendered the following opinion, sustaining the demurrers of the defendants :

PRATT, *J.* — It may well be that where the courts of this state have acquired jurisdiction of the person of a defendant, it may compel to execute a conveyance of lands in another state when the plaintiff shows an equitable right to such conveyance ; but that does not entitle plaintiff to the relief claimed in this action.

So far as the property of the New York Gold Mining Co., of Colorado, lay within this state, the appointment of a receiver would doubtless vest the title in the receiver but as to real property outside of the jurisdiction, the appointment can have no such effect, either in law or in equity.

VOL. L        8

A proceeding *in invitum* can have no force outside the jurisdiction where the proceeding is initiated.

It follows that the property of the New York Gold Mining Co., of Colorado, situate in Colorado did not vest in the receiver ; it remained the property of the company, and could be disposed of by it as if no receiver had been appointed.

As to such property, any creditor of the company could have resorted to the Colorado courts and, in a proper action against the company, secured such rights and remedies as that jurisdiction afforded him.   Failing in any such action by the creditors of the company, the corporation itself could proceed to use or dispose of the property, entirely unaffected by the appointment here of the receiver.

Notice of the appointment in New York of the receiver entirely fails to stamp any character of fraud upon the subsequent action of the officers of the company ; any action on their part, lawful and proper, in case no receiver has been appointed, was lawful and proper after such appointment has been made.

It may well be that upon the facts stated in the complaint the creditors of the original company may be entitled in the Colorado court, to a lien upon the property in the hands of its present holders.

But such action should be brought by the creditors.   The receiver has no title to the property in Colorado, and hence cannot sustain this action.   His rights can be no greater in a New York forum than they could be in Colorado.

It follows that the defendants are entitled to judgment on the demurrer.